UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

CHARLES EDWARD LEPP,

    Defendant.
                                   /

No. CR 04-0317 MHP

**MEMORANDUM & ORDER**
**Re: Defendant's Motion to Suppress for violations of RFRA**

       On September 28, 2004 a grand jury returned an indictment charging Charles Edward Lepp with one count of possession with intent to distribute and manufacture marijuana and a second count of maintaining a place for the distribution and manufacture of marijuana. See 21 U.S.C. § 841(a)(1), 856(a)(1). Lepp was charged in a superseding indictment on March 2, 2005 with four additional counts. Now before the court is defendant's motion to suppress evidence obtained as a result of two separate search warrants on the basis that the warrants violated the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. section 2000bb et seq. Having considered the parties' arguments fully and for the reasons set forth below, the court issues the following memorandum and order.

BACKGROUND

       Defendant Charles Edward Lepp has been indicted for conspiracy to manufacture 2,379 or more cannabis plants; cultivation and aiding and abetting the cultivation of 2,379 or more cannabis plants; and maintaining and leasing a place where controlled substances are manufactured. These

criminal allegations arise under 21 U.S.C sections 841(a)(1), 846, and 856(a)(1)(2). At a search of four of Lepp's properties on August 18, 2004, Drug Enforcement Administration officers seized more than 32,000 marijuana plants as well as a loaded Beretta .32 semiautomatic pistol and items related to the packaging, processing, and weighing of marijuana and hash. At the time of his arrest, Lepp claimed sole and exclusive ownership and responsibility for the marijuana on the property, though his arguments to this court assert that he leased his land to patients certified to use marijuana for medical treatment. Lepp was later indicted on September 28, 2004 for violations of the Controlled Substances Act. On February 11, 2005 the government applied for and obtained a search warrant for four of Lepp's properties. In executing the search, the government seized computers, indicia, 6,347 marijuana plants, indoor grow lights, approximately 50 pounds of partially dried or dried marijuana, documents, and DVR cassette recordings. Subsequently, the government filed a superseding indictment charging Lepp with four additional counts of violating 21 U.S.C. §§ 841(a)(1) and 856(a)(1).

DISCUSSION

Defendant Lepp moves to suppress the fruits of the 2004 and 2005 search warrants on the basis that the warrants violated RFRA, 42 U.S.C. section 2000bb et seq.[1] Courts have frequently upheld the laws criminalizing marijuana cultivation and possession in the face of religious challenges. See, e.g., Olsen v. DEA, 878 F.2d 1458, 1462 (D.C. Cir. 1989) (listing additional circuit court holdings). However, Lepp makes a slightly different argument than a facial challenge to the criminal laws: He argues that the manner in which the government obtained and executed the search warrants in this case violated his religious freedom. He further argues that this alleged violation of RFRA justifies suppression of the evidence obtained during the two searches and that the government's error in not informing the magistrate of the religious nature of his marijuana possession necessitates a Franks hearing. The court denies Lepp's motion for the following reasons.

Congress enacted RFRA to relieve governmental burdens on an individual's religious exercise imposed by neutral laws of general applicability. 42 U.S.C. § 2000bb (enumerating the

statutory purposes).  In no uncertain terms, Congress intended for the statute to restore the compelling interest test outlined in Sherbert v. Verner, 374 U.S. 298 (1996) and subsequently abolished in Employment Division v. Smith, 494 U.S. 872 (1990).  RFRA prohibits the government[2] from "substantially burdening a person's exercise of religion even if the burden results from a rule of generally applicability."  42 U.S.C. § 20000bb-1.  Such a burden is permissible only where the government can demonstrate that the burden furthers a compelling government interest and is the least restrictive means of pursuing that interest.  Id.  Therefore, where RFRA applies, it is the government's burden to satisfy the strict scrutiny test.

Before applying the test, the court must determine whether Lepp's religious interests invoke the protections of RFRA and whether the DEA search of his property constitutes government action.  It is the court's opinion that both requirements are satisfied.  Lepp asserts that he is the founder and minister of "Eddy's Medicinal Gardens and Ministry of Cannabis and Rastafari."  Lepp Dec. ¶ 1.  He contends that he is an ordained minister in the Rastafari ministry.  Pl.'s Mot., Exh. C  ¶ 9.  However, the court remains skeptical about whether the large amount of marijuana seized is consonant with sacramental use.  For the purposes of this motion, the court considers Lepp's espoused religious beliefs as genuine and his claimed religion to be one within the meaning of RFRA. 42 U.S.C. § 2000bb(b); but see United States v. Quaintance, 471 F. Supp. 2d 1153 (D.N.M. 2006) (concluding that belief by defendant, who was also founder of Church of Cognizance, that marijuana is a sacrament was not a religious belief under RFRA).  The broad language of RFRA, which defines "government" to include a "branch, department, agency, instrumentality and [] official of the United States," ensnares government action "at every level." 42 U.S.C. § 2000bb(b); Boerne, 521 U.S. at 532. Courts have applied RFRA with some frequency to searches.  See United States v. Brown, 330 F.3d 1073, 1077 (8th Cir. 2003) (holding that taking blood samples in the face of religious objections by Jehovah's Witnesses did not violate RFRA); see also Roe v. Marcotte, 193 F.3d 72, 79 (2d Cir. 1999) (addressing religious objections to blood samples taken from inmates); Jones v. Murray, 962 F.2d 302, 307 (4th Cir. 1992) (same).

3

The language of RFRA, however broad in some respects, is limited to those "burdens" on a person's religious exercises that are "substantial." The "substantial burden" language appears no less than four times in the text of the statute. 42 U.S.C. §§ 2000bb(a),(b),bb-1(a),(b). As the Ninth Circuit has instructed courts to give "attention to each of the provisions of the new statute in the context of the federal criminal law on marijuana," the court must give due weight to the substantial burden language. United States v. Bauer, 84 F.3d 1549, 1557 (9th Cir. 1995) (examining RFRA based challenges to criminal convictions for marijuana possession by alleged Rastafarian). The Bauer court emphasized that only "if there is a substantial burdening" of religious freedom should the government have the burden of meeting the compelling interest test. Id.

While there are very few contexts in which the dispositive issue is the nature and magnitude of the burden on an individual's religious exercise, the court finds that this is one of those instances. See, e.g., Bryant v. Gomez, 46 F.3d 948 (9th Cir. 1994) (upholding against RFRA challenge a prison's denial of a full Pentecostal service to observant inmates). Invocations of the compelling interest test depend upon an initial showing by the religious adherent that the government's actions interfere with a religious experience mandated by the faith. Id. (quoting Graham v. C.I.R., 822 F.2d 844, 850–51 (9th Cir. 1987)). Indeed, the burden must be "more than an inconvenience . . . [it] must be substantial and an interference with a tenet or belief that is central to religious doctrine." Id. Lepp has failed to make such a showing.

Lepp has demonstrated that the government agents were aware of the religious nature of the activities on his property but omitted this information in their warrant application. See Lepp Dec. ¶¶ 2 & 3. However, Lepp has not articulated the type of substantial burden required by RFRA. Lepp has failed to establish the burden on his religious freedoms endured from the failure to mention his religious affiliations. There is certainly no requirement contained in RFRA or elsewhere that the government must obtain the religious affiliations of any person to be searched so that a magistrate may perform a compelling interest test as part of authorizing the search warrant at the outset. While RFRA does impose certain limits on police investigative work, the court can find no support in the case law applying the First Amendment or RFRA in the manner suggested by Lepp. See Mockaitis

4

v. Harcleroad, 104 F.3d 1522, 1530–31 (9th Cir. 1997), overruled on other grounds by Boerne, 521 U.S. at 507 (holding RFRA violated where police taped a sacramental confession between priest and inmate because taping was not the least restrictive means of obtaining evidence against defendant).

To the extent that Lepp challenges the seizure of his marijuana plants as a violation of RFRA, such an argument is easily set aside. As an initial matter, in challenging the seizure of a religious article, such as a sacrament, Lepp invokes the protections of RFRA to the instant seizures; however, the government's interest overcomes Lepp's. The government's compelling interests in enforcing drug laws by executing valid search warrants in pursuit of that aim is long-established. Compare Rush, 738 F.2d at 512–13 (upholding conviction for marijuana possession under strict scrutiny analysis) with Navajo Nation v. United States Forest Service, 479 F.3d 1024, 1044 (9th Cir. 2007) ("We are unwilling to hold that authorizing the use of artificial snow at an already functioning commercial ski area in order to expand and improve its facilities . . . is a governmental interest of the highest order.") (citation and quotations omitted). Nor does this case present the type of narrow tailoring challenge that the Court confronted in Gonzales v. O Centro Espirita Beneficente Uniao Do Vegetal, 546 U.S. 418 (2006). The O Centro Espirita court admonished the government for its failure to analyze the requested religious exemption and its effects on the particular claimant. Id. at 431. Here, the government has not resorted to the slippery-slope argument exclusively, which the O Centro Espirita court rejected, but instead has provided argument that the system proposed by Lepp would be unworkable. Magistrates would have to scrutinize all warrant applications for possible indications of religious exercise. "[T]he government can demonstrate a compelling interest in uniform application of a particular program by offering evidence that granting the required religious accommodation would seriously compromise its ability to administer the program." O Centro Espirita, 546 U.S. at 435 (citing cases in which such a showing was made). It is clear that the government had no more narrowly tailored alternative for executing a search warrant and enforcing the criminal laws than to seize the marijuana plants on both occasions. Lepp continued to cultivate marijuana after the first seizure. Indeed, there is some evidence that Lepp told agents that he would

5

begin replanting marijuana immediately after a seizure of some of his plants. February 11, 2005 Aff. ¶ 8. Additionally, unlike the religious exception granted to certain Schedule I substances under the Controlled Substances Act, 21 U.S.C. section 801 et seq., there is no evidence that the Attorney General has granted exemptions for other religious uses of marijuana or similar drugs. O Centro Espirita, 546 U.S. at 434–36.

Finally, Lepp asks the court to fashion an exclusionary remedy under its power to grant "appropriate relief" for violations of RFRA. 42 U.S.C. § 2000bb-1(c). Because the court has concluded that no such violation occurred, the court declines Lepp's invitation to expand the exclusionary rule. Nor is such an invitation appropriate. The court can find no authority for suppressing evidence on the basis of a RFRA violation.[3] In rejecting a similar invitation to expand the exclusionary rule, the Supreme Court noted:

> Under domestic law, the exclusionary rule is not a remedy this Court applies lightly. It has been used primarily to deter certain Fourth and Fifth Amendment violations, including, e.g., unconstitutional searches and seizures and confessions exacted in violation of the right against compelled self-incrimination or due process. In contrast, [the disputed provision] has nothing to do with searches or interrogations and, indeed, does not guarantee defendants any assistance at all.

Sanchez-Llamas v. Oregon, 126 S.Ct. 2669, 2672 (2006) (citations omitted); see also Hudson v. Michigan, 126 S.Ct. 2159, 2165 (2006) (holding the exclusionary rule inapplicable where interests violated by an unconstitutional search were not related to the seizure of evidence). Moreover, courts have routinely upheld searches and arrests executed on church property. See Beier v. City of Lewiston, 354 F.3d 1058, 1062 (9th Cir. 2004) (considering warrantless arrest on church property); Marks v. Clarke, 102 F.3d 1012, 1020 (9th Cir. 1996) (evaluating search warrant executed on religious leader of the Gypsy Church of the Northwest); Youngblood v. Fl. Dept. of Health, No. 06-11523, 2007 WL 914239 (11th Cir. Mar. 28, 2007) (upholding state agency's right to conduct an administrative search on church property). While an exclusionary remedy is inappropriate, Lepp may bring a challenge to the application of the CSA as an affirmative defense at trial. The court will entertain motions *in limine* with respect to this defense at pretrial.

Lepp asks the court to conduct a Franks hearing on the issue of whether government agents

6

made material omissions regarding his religious background in their representations to the issuing magistrate. Having determined that any omission would not render the search warrants invalid, the court denies this request as well. Accordingly, Lepp's motion to suppress the evidence obtained in the 2004 and 2005 searches on his property for violations of RFRA is denied.

CONCLUSION

For the foregoing reasons, defendant's motion to suppress for violations of RFRA is DENIED.

IT IS SO ORDERED.

Dated: September 6, 2007

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

ENDNOTES

1. In his moving papers, Lepp asks the court to suppress the fruits of the 2004 and 2005 search warrants on the basis of First, Fourth and Fifth Amendments to the Constitution. Def.'s Mot. to Supp. at 2. However, these constitutional arguments are not developed in his papers and so the court has not addressed them.

2. In City of Boerne v. Flores, 521 U.S. 507 (1997), the U.S. Supreme Court declared RFRA to be an unconstitutional exercise of Congress's remedial powers under section 5 of the Fourteenth Amendment. Accordingly, RFRA acts only to restrain the federal government.

3. In one case, the court noted the likely RFRA violation posed by federal border patrol agents stopping a car solely on the basis of religious decals affixed to the car. However, the court stopped short of granting suppression of evidence on that basis. See United States v. Ramon, 86 F. Supp. 2d 665 (W.D. Tex. 2000) (holding search invalid on Fourth Amendment grounds).