IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br> v.<br><br>CHARLES EDWARD LEPP,<br><br>   Defendant.<br>               / | No. CR 04-00317 WHA<br><br>**ORDER DENYING THIRD-PARTY MOTION TO INTERVENE** |

  Criminal defendant Charles Edward Lepp filed a motion pursuant to 28 U.S.C. Section 2255 to vacate, set aside, or correct his sentence. A briefing schedule on defendant's motion has been set. An individual named Carl Olsen, proceeding pro se, has filed a motion for permissive intervention under Federal Rule of Civil Procedure 24(b). The Court has reviewed Mr. Olsen's motion to intervene and the government's response, styled as a motion to strike, and determines that no further briefing or argument is necessary. For the reasons stated below, Mr. Olsen's motion to intervene in defendant's criminal proceedings is **DENIED**.

  Mr. Olsen states that he has a "longstanding interest in the sacramental use of marijuana. Mr. Olsen is a member of the Ethiopian Zion Coptic Church and believes, according to church doctrine, that marijuana is the mystical blood of Christ" (Dkt. No. 346 at 1). Mr. Olsen has apparently been an active litigant in support of the ability to engage in production and distribution of marijuana as a protected religious activity. His brief in support of intervention consists in large part of discussions of judicial decisions interpreting federal statutes in the context of federalism and religious freedom, perhaps to preview to the Court the type of arguments he proposes to advance if allowed to intervene. In particular, Mr. Olsen states that

defendant Lepp would have standing to challenge the "federal misclassification of marijuana because he is currently detained."

Mr. Olsen's attempt to transform this criminal proceeding into impact litigation is denied. The Advisory Committee Notes to the Section 2255 Rules state that "a motion under § 2255 is a further step in the movant's criminal case and not a separate civil action. . . ." Section 2255 Rule 1 Advisory Committee Notes. Rule 12 permits a federal court to apply the Federal Rules of Civil Procedure in Section 2255 proceedings, but only "to the extent that they are not inconsistent with any statutory provisions or these rules." This Court is aware of no authority that would support intervention by a third party in a criminal proceeding under Federal Rule of Civil Procedure 24(a), as Mr. Olsen proposes to do. *See, e.g., Harrelson v. United States*, 967 F.Supp. 909, 912 (W.D. Tex.1997) (denying motion to intervene in Section 2255 proceedings by defendant's former counsel). Nor has Mr. Olsen provided any reason to believe that his intervention will speed the equitable determination of defendant's motion. Lastly, Mr. Olsen does not have standing to challenge defendant's conviction, as his only interest in this proceeding is a general concern regarding the constitutionality of applying federal criminal drug law. Accordingly, the motion to intervene is **DENIED**. The government's motion to strike and Mr. Olsen's application for leave to file electronically are **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated: January 15, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2