**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

CHARLES EDWARD LEPP,

    Defendant.
                                   /

No. CR 04-00317 WHA

**ORDER DENYING DEFENDANT'S REQUEST TO CREDIT TIME ON PRETRIAL RELEASE**

      Through a letter dated October 29 (Dkt. No. 447), defendant Charles Edward Lepp requests credit for time served on pretrial release. For support, he cites to *Jones v. Cunningham*, 371 U.S. 236 (1963), as well as *Anderson v. Corall*, 263 U.S. 193, 196 (1923), for the contention that "custody is custody" no matter the form of restriction. Both probation and the government have since filed responses, asserting that the law does not permit defendant to count his time on pretrial release toward imprisonment.

      Probation and the government are correct. Under 18 U.S.C. 3585(b), "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in *official detention* prior to the date the sentence commences -- (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence" (emphasis added). Albeit in the context of the Bail Reform Act of 1984, the United States Supreme Court has explained that Section 3585(b)'s use of "official detention" refers to "defendants who were detained in a 'penal or correctional

facility . . . and who were subject to [the Bureau of Prisons'] control." *Reno v. Koray*, 515 U.S. 50, 58–59 (1995). Because defendant was on pretrial release during the time for which he now seeks credit, he was not in "official detention" within the meaning of Section 3585(b). Nor do defendant's cited authorities offer him relief, as those decisions fail to discuss Section 3585(b) or the issue of crediting time previously served.

Accordingly, defendant's request is **DENIED**.

**IT IS SO ORDERED.**

Dated: December 2, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE