IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

CHARLES EDWARD LEPP,

    Defendant.

                             /

No. CR 04-00317 WHA

**ORDER RE RESPONSE TO ORDER DENYING SUCCESSIVE SECTION 2255 MOTION**

        On behalf of defendant Charles Edward Lepp, non-parties "Jan Irvin, Alan Albin Adkisson, Jesse Miller and Additional Petitioners" have submitted a response to the June 3 order, which construed and denied their earlier petition as a successive Section 2255 motion (Dkt. Nos. 458, 460).

        Now, in their response, the non-parties contest that the June 3 order misconstrued the petition as a Section 2255 motion and should have instead recognized the petition as one for "habeas corpus ad subjiciendum." The non-parties also suggest that they may seek relief for Lepp based on "next friend" standing, and seek "to present the habeas corpus ad subjiciendum to the Court in the Court's Constitutional capacity" (Br. 12).

        This order disagrees on two grounds. *First*, "a writ of habeas corpus ad subjiciendum is not cognizable" after the common law rule changed in 1867. *Santos v. Keboo*, CIVS070530LKKDADP, 2007 WL 1365395, *1 (E.D. Cal. May 9, 2007) (Magistrate Judge Dale A. Drozd). It is true that the "the writ of habeas corpus ad subjiciendum was included in the first grant of federal-court jurisdiction, made by the Judiciary Act of 1789, c. 20, [] 14, 1 Stat.

81, with the limitation that the writ extend only to prisoners held in custody by the United States.," but such a writ later "was codified in statutory provisions of Chapter 163 of Title 28 ([Sections] 2241–2255)." *Id.* (internal citations omitted); *see also Stone v. Powell*, 428 U.S. 465, 475 n. 6 (1976). As such, other courts have construed petitions for "habeas corpus ad subjiciendum" as Section 2254 or Section 2255 motions. *See, e.g.*, *United States v. Rivera*, CR.01-60124-HO, 2005 WL 1745563, *1 (D. Or. July 22, 2005) (Judge Michael Robert Hogan); *and Quattrini v. Legrand*, 3:12-CV-00226-RCJ, 2012 WL 3231073, *1 (D. Nev. Aug. 3, 2012) (Judge Robert C. Jones).

*Second*, there is no "next friend" standing here. On this issue, *Whitmore v. Arkansas*, 495 U.S. 149, 162–65 (1990), stated (emphasis added) (internal citations omitted):

> Most important for present purposes, "next friend" standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another. Decisions applying the habeas corpus statute have adhered to at least two firmly rooted prerequisites for "next friend" standing. First, a "next friend" must provide an adequate explanation — such as inaccessibility, mental incompetence, or other disability — why the real party in interest cannot appear on his own behalf to prosecute the action . . . . Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate . . . and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest . . . . The burden is on the "next friend" *clearly to establish the propriety of his status and thereby justify the jurisdiction of the court . . . .*
>
> And in keeping with the ancient tradition of the doctrine, we conclude that one necessary condition for "next friend" standing in federal court is *a showing by the proposed* "*next friend*" *that the real party in interest is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability*.

Here, the non-parties do not meet their burden of clearly establishing that Lepp is unable to litigate on his own due to some mental incapacity, lack of access to the Court, or other similar disability. At best, the non-parties claim in their response that Lepp "may not be his normal self," "does not have access to all of the research capabilities that are available outside the prison walls," and "is unable to receive training" due to his present incarceration (Br. 8). To the contrary, defendant has been able to (and did) submit requests to the undersigned judge, as demonstrated in his letters sent last year (Dkt. Nos. 447, 451).

As a result, the non-parties' petition for "habeas corpus ad subjiciendum" remains **DENIED**. Their requests to have the Clerk of the Court Richard W. Wieking produce certain policies reportedly relating to "habeas corpus ad subjiciendum" and job descriptions are also **DENIED**. Furthermore, the Clerk will return to the non-parties the five-dollar postal money order that was appended to their present response (Dkt. No. 460).

**IT IS SO ORDERED.**

Dated: October 21, 2014.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3